IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY RAY DIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1312-B-BN |
| | § | |
| PROESIS BIO INC. and PROESIS BIO LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SANCTIONS

After *pro se* Plaintiff Corey Ray Diggs paid the applicable filing fee on June 16, 2025, *cf.* Dkt. No. 13, United States District Judge Jane J. Boyle referred Diggs's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 14.

And, on July 1, 2025, the Court granted Diggs leave to file a second amended complaint ("SAC") through an order that further explained that,

> [b]y paying the filing fee, Diggs undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant as to the complaint. *See generally* FED. R. CIV. P. 4 (setting forth procedures for serving various types of defendants and regarding waiver of service).
>    And, since Diggs amended the complaint prior to any defendant appearing in this action, Diggs must ensure that the SAC is properly served – or a waiver obtained as to the SAC – under Rule 4, because, under Federal Rule of Civil Procedure 5(a), "personal service of the summons and complaint is not required in order to serve an amended complaint" only once a party has "already appeared in the litigation." *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985); collecting other

> cases); *see also* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." (footnote omitted)).
> And, as to each defendant, Diggs must file with the Court, as applicable, a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.
> The Court further advises Diggs that proper service must be made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before September 15, 2025 – the 90th day after Diggs paid the filing fee (on June 16). *See Leeper v. Carte Blanche*, No. 3:23-cv-1091-E-BN, 2024 WL 1218550, at *2 (N.D. Tex. Mar. 20, 2024) (observing that "the 90-day period for service [was] suspended 'until the Court completes its mandated screening,'" which "ended when [Diggs] elected to pay the filing fee," "[s]o the 90-day deadline under Rule 4(m) runs from that date" (quoting *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 800 (N.D. Tex. 2005))).
> If Diggs fails to do so, this case is subject to dismissal without prejudice unless Diggs shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 17 at 2-3 (cleaned up).

The Court sets this out as further background for the motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority that Diggs filed on July 15, 2025 [Dkt. No. 22] – which Diggs has filed prior to any defendant appearing in this lawsuit and prior to establishing that any defendant has been properly served or has executed a waiver of service.

As the basis for the sanctions requested, Diggs explains:

> On May 27, 2025, Plaintiff filed this federal civil rights action in the Northern District of Texas, Dallas Division.
> On June 17, 2025, Plaintiff was terminated and received an email from Carrie Hoffman, attorney for Defendants, confirming her representation of "Proesis Bio and related parties." That same day, Plaintiff received "Happy Birthday" messages on the internal employee

- 2 -

> portal.
> On July 7, 2025, Plaintiff mailed a summons and a copy of the Second Amended Complaint for Proesis Biologics Westmoreland LLC, to Cogency Global Inc., the registered agent for both named Defendants, at 10020 W. Fairview Ave., Suite 160, Boise, Idaho.
> USPS confirmed delivery, but Cogency Global refused service.
> On July 11, 2025, Plaintiff sent the summons package to Cogency Global, which was delivered by USPS. As of the filing of this motion, Cogency has not yet returned the package for Proesis Biologics Inc., or provided any formal rejection.
> On July 12, 2025, Plaintiff issued a Rule 7(b) Notice of Clarification to Ms. Hoffman confirming the names of the entities and proper service address. Hoffman acknowledged receipt but took no corrective action.
> As of this motion, Ms. Hoffman has not filed a formal Notice of Appearance with the Court despite acting as defense counsel via email and participating in litigation-related correspondence.

*Id.* at 2.

The Court DENIES Diggs's motion for the following reasons. *Cf. Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motions should be characterized as nondispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

As this Court has previously explained,

> [a] court may impose sanctions against "[a]ny attorney ... who ... multiplies the proceedings in any case unreasonably and vexatiously" in the form of "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927….
>
> To impose sanctions against an attorney under Section 1927, the court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002). Proving that a counsel's behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1992). Section 1927 "sanctions may not be imposed for mere negligence on the part of counsel." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995)….
>
> Sanctions under Section 1927 are "'punitive in nature and require clear and convincing evidence that sanctions are justified.'" *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (quoting *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). Because of its punitive nature, Section 1927 is construed strictly, *see Proctor & Gamble Co.*, 280 F.3d at 525, and in favor of the sanctioned party, *see FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). Punishment under Section 1927 is "'sparingly applied.'" *Lawyer's Title Ins. Corp.*, 739 F.3d at 872 (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996)). Section 1927 sanctions "'should be employed only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened.'" *Lawyers Title*, 739 F.3d at 872 (quoting *Conner*, 20 F.3d at 1384).

*Barrett v. Medicredit, Inc.*, No. 3:17-cv-3251-B, 2019 WL 1327072, at *6 (N.D. Tex. Mar. 25, 2019).

Diggs seeks Section 1927 sanctions against an attorney for defendants that have yet to appear in this lawsuit (and that are not subject to default). And the basis for the requested sanctions appears to be related to Diggs's efforts to serve the defendants.

In this respect, service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by

an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999).

Consequently, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds, see* FED. R. CIV. P. 4(k)(2)); *see also Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.").

But, even if the Court may impose Section 1927 sanctions given the current posture of this proceeding, Diggs's assertions just do not meet the high bar for a court to impose such sanctions.

That is, Diggs provides the Court no basis to find that an attorney has multiplied this proceeding unreasonably and vexatiously because Diggs has provided evidence to support that an attorney acted in bad faith, with an improper motive, or with reckless disregard of a duty owed to the Court.

Nor has Diggs shown a basis for sanctions under the Court's inherent authority (or, if potentially applicable, under Federal Rule of Civil Procedure 11). *See, e.g.*, *Miller v. Dunn*, 774 F. Supp. 3d 806, 818-20 (N.D. Tex. 2024) (setting out legal standards underlying the high threshold to impose sanctions under the Court's inherent power); *Dartson v. Villa*, No. 3:17-cv-569-M, 2018 WL 3528721, at *22-*23

(N.D. Tex. Apr. 2, 2018) (denying Rule 11 sanctions where the moving party failed to comply with Rule 11's requirements).

    SO ORDERED.

    DATED: July 17, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE