IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY RAY DIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1312-B-BN |
| | § | |
| PROESIS BIO INC. and PROESIS BIO LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

After *pro se* Plaintiff Corey Ray Diggs paid the applicable filing fee on June 16, 2025, *cf.* Dkt. No. 13, United States District Judge Jane J. Boyle referred Diggs's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 14.

Defendant Proesis Biologics, Inc. ("Proesis Inc.") answered Diggs's second amended complaint (the "SAC") on August 1, 2025. *See* Dkt. No. 28.

In that answer, Proesis Inc. first notes that "Proesis Biologics, Inc. is the only entity submitting this Answer," as "Proesis Biologics Westmoreland, LLC has not been properly served." *Id.* at 1 n.1.

Proesis Inc. then admitted the allegations in paragraph 3 of the SAC (that Diggs "is a Black male Licensed Vocational Nurse (LVN) residing in Garland, Texas. At all relevant times, Plaintiff was employed at Defendants' plasma donation center location in Dallas, Texas" [Dkt. No. 18 at 3]) but denied the allegations in paragraphs 4 of the SAC "as Proesis Bio, LLC is not a legal entity" and the allegations in

paragraph 5 of the SAC "as Proesis Bio Inc. is not a legal entity nor is Proesis Bio, LLC." Dkt. No. 28 at 2.

The undersigned sets this out because Diggs has moved to amend his complaint and/or correct the caption as to Proesis Biologics Westmoreland, LLC [Dkt. No. 26], to extend his time to serve this entity [Dkt. No. 27], and to strike Proesis Inc.'s answer to the SAC [Dkt. No. 31].

Because Proesis Inc. admitted that it was Diggs's employer, the undersigned ordered the parties to meet and confer to attempt to resolve Diggs's pending motions (which all seem to center on the need to make Proesis Biologics Westmoreland, LLC a party to this action) and file a joint status report that (1) explains their resolution or (2) sets out their respective positions as to (a) the need to make Proesis Biologics Westmoreland, LLC a party to this action and (b) Diggs' pending motions [Dkt. No. 31] (the "JSR").

Proesis Inc. then filed an unauthorized second answer to the SAC [Dkt. No. 34], which appears to be identical to its first answer to the SAC [Dkt. No. 28], including that both are dated August 1, while Dkt. No. 34 was filed on August 22.

And Proesis Inc. responded to Diggs's motion to strike and, on behalf of the parties, filed the JSR requested by the Court.

The JSR sets out that the parties resolved Diggs's motions to amend the caption [Dkt. No. 26] and for an extension of time to complete service [Dkt. No. 27]. See Dkt. No. 37 at 2 (indicating that Proesis Inc. does not oppose amending the caption and that counsel has "agreed to waive service and accept service on behalf of

Proesis Biologics Westmoreland, LLC"); *see also* Dkt. No. 35 (executed waiver of service as to Proesis Biologics Westmoreland, LLC, with a response deadline of October 20, 2025).

And, so, the undersigned now recommends that the Court deny Diggs's motion [Dkt. No. 31] to strike Proesis Inc.'s answer [Dkt. No. 28], which Diggs argues is "procedurally defective, ambiguous in scope, and legally insufficient to constitute a valid appearance on behalf of Defendant Proesis Biologics Westmoreland LLC," Dkt. No. 31 at 1, a motion through which he also seeks an entry of default against Proesis Biologics Westmoreland LLC, *see id.*

As set out above, the answer was filed solely on behalf of Proesis Inc. and Proesis Biologics Westmoreland LLC's deadline to respond to the currently operative complaint has not passed.

**Recommendation**

The Court should (1) grant Plaintiff Corey Ray Diggs's motion to amend [Dkt. No. 26] to the extent that he should be ordered to file by a date to be set by the Court a third amended complaint with a corrected caption; (2) deny as moot Diggs's motion for extension [Dkt. No. 27]; (3) deny Diggs's motion to strike [Dkt. No. 31]; and (4) *sua sponte* strike Proesis Inc.'s unauthorized and redundant second answer to the second amended complaint [Dkt. No. 34].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE